UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SDG Corporation
65 Water Street
Norwalk, CT-06854

Srikantha Reddy Palle
530 E 234 St., Apt. 1F
Bronx, NY 10470

Plaintiffs,

Vs.

Michael Chertoff, Secretary
U.S. Department of Homeland Security
Office of the General Counsel
Washington, DC 20528,

U.S. Department of Homeland Security
Office of the General Counsel
Washington, DC 20528,

Emilio T. Gonzalez, Director
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
425 I St. NW
Washington, DC 20536,

U.S. Citizenship and Immigration Services
425 I St. NW
Washington, DC 20536,

Paul Novak, Director
Vermont Service Center
U.S. Citizenship and Immigration Services
75 Lower Welden Street
St. Albans, VT –05479

Elaine L. Chao, Secretary
U.S. Department of Labor
Employment & Training Administration
Frances Perkins Building
200 Constitution Avenue, NW
Washington D.C. 20210

WRIT FOR MANDAMUS,
DECLARATORY AND INJUNCTIVE
RELIEF

Civil Action: 06-
Judge:
Filed:

Elaine L. Chao, Secretary
U.S. Department of Labor
Frances Perkins Building
200 Constitution Avenue, NW
Washington D.C. 20210

Alberto Gonzales
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001,

United States of America
U.S. Attorney
555 Fourth Street, NW
Washington, DC 20530

Defendants.

## COMPLAINT FOR MANDAMUS, DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff presents instant Complaint before this honorable court requesting relief against Defendants for their actions and for their failure to act in accordance with law.

### I. INTRODUCTION

1. This is a complaint for relief pursuant to law including the U.S. Constitution, Mandamus Act (28 U.S.C. § 1361 (2006)), Declaratory Judgment Act (28 U.S.C. § 2201 (2006)), and the Administrative Procedure Act (5 U.S.C. § 551 et. seq. (2006)). This action challenges the non-issuance of a duplicate certified labor certification (Form ETA-750) by Defendant USDOL.

2. Defendants' action and inaction have directly and proximately injured and continue to directly and proximately injure the Plaintiffs.

3. A more detailed, but in no way exhaustive, enumeration of the harm suffered by the Plaintiffs is submitted under the caption "INJURY TO PLAINTIFFS."

## II. JURISDICTION

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (2006) (federal question jurisdiction) because Plaintiffs claims arise under the Constitution and the laws of the United States, including the Fifth Amendment to the U.S. Constitution, various provisions of Title 8 U.S.C. § 1101 et seq. (2006), (Immigration & Nationality Act, "INA"), 20 C.F.R. §656.30(e) (2006) (Code of Federal Regulations, "CFR") and applicable regulations, policies and procedures arising thereunder. This Court may grant relief in this action, *inter alia*, under 28 U.S.C. § 1361 (2006) (Mandamus Act); 28 U.S.C. § 1651 (2006) (All Writs Act); 28 U.S.C. § 2201 (2006) (Declaratory Judgment Act); and under 5 U.S.C. § 551 et seq. (2006) (Administrative Procedure Act).

5. There are no administrative remedies available to Plaintiff to redress the grievances described herein. This action challenges only the non-issuance of a duplicate certified Form ETA-750.

## III. VENUE

6. Pursuant to 28 U.S.C. § 1391(e) (2006), venue is proper in this judicial district because the Defendants operate within this district and maintain its headquarters in Washington, D.C., and because a substantial part of the events or omissions giving rise to the claims herein occurred in Washington, D.C.

## IV. PARTIES

**Plaintiff**

7. Plaintiff SDG Corporation (SDG) is a corporation engaged in Software consulting services since 1993. SDG is a leading Information Technology (IT) services company that specializes in providing complete consulting services and staff augmentation to its clients.

8. Form I-140 Immigrant Petition for Alien Worker (Immigrant Petition) filed by the SDG is pending as of the date of this Complaint before the Defendant Vermont Service Center of the USCIS since June 24, 2005 on behalf of Plaintiff Mr. Srikantha Reddy Palle (Palle).

9. Mr. Palle is a citizen of India and Software professional. He is currently employed as an Oracle Applications DBA with the SDG.

10. The Immigrant Petition has been pending on behalf of the Mr. Palle before the Defendant USCIS as of the date of this complaint. Mr. Palle appears before this honorable court on his own behalf as an individual.

**Defendants**

11. Michael Chertoff is the Secretary of the Department of Homeland Security (DHS). Pursuant, *inter alia*, to 8 U.S.C. § 1103 (2006), Secretary Chertoff is charged with, among other matters, administering the USCIS and implementing and enforcing the Immigration and Nationality Act. As such, he has ultimate decision-making authority over the matters alleged in this Complaint.

12. Alberto Gonzales is the Attorney General of the United States. Pursuant, *inter alia*, to 8 U.S.C § 1103 (2006), he is charged with controlling determination of

issues of law pertaining to immigration and with representing the United States of America in various legal matters.

13. Emilio T. Gonzalez is the Director of USCIS of the DHS. In his capacity as the Director of USCIS, Mr. Gonzalez is responsible for the administration of immigration benefits and services including the processing of citizenship applications, and family and employment-based petitions. As such, he has decision-making authority over the matters alleged in this Complaint.

14. Paul Novak is the Director of the Vermont Service Center of USCIS of the DHS. In her capacity as the Director of the Vermont Service Center, Mr. Novak is responsible for the administration of immigration benefits and services including the processing of citizenship applications and family and employment-based petitions. As such, Mr. Novak has decision-making authority over some of the matters alleged in this Complaint.

15. Elaine L. Chao is the U.S. Secretary of Labor (DOL). In her capacity as the Secretary of the DOL, Ms. Chao is responsible for the administration of the Employment and Training Administration and the administration of services including the processing of Form ETA-750, Application for Alien Employment Certification (Form ETA-750). As such, she has decision-making authority over some of the matters alleged in this Complaint.

## V. FACTS

16. On April 29, 2003, SDG submitted Form ETA-750 with the Defendant USDOL on behalf of Mr. Palle.

17. On February 24, 2005, Defendant USDOL certified the ETA-750 (bearing case number: **P2004-CT-01342279**).

18. As per the regulations, a copy of the certified ETA-750 was sent to the Plaintiffs attorney via regular mail.

19. The attorney on record of the Plaintiffs never received the certified ETA-750, and it seems it was lost in the regular mail.

20. An Immigrant Petition was filed with Defendant Vermont Service Center of the USCIS on June 24, 2005 (bearing Receipt Number: **EAC-05-194-52582**), under the third preference category compromising "skilled workers or professionals,"[1] along with a copy of the final determination letter dated February 24, 2005 issued by the Defendant DOL.

21. Since the Plaintiffs did not receive the original certified ETA-750, from the USDOL, Plaintiffs through their attorney notified Defendant USCIS to request a duplicate copy of the certified ETA-750 from the Defendant USDOL.[2]

22. The Immigrant Petition is still pending adjudication with the Defendant USCIS.

23. On January 17, 2006, Defendant USCIS requested the Defendant USDOL to issue a duplicate certified ETA-750.

24. Defendant USDOL only issued a certification letter dated July 20, 2006 in favor of Defendant USCIS.

25. Defendant USDOL has not issued a duplicate certified ETA-750 to the Defendant USCIS.

26. Defendant USCIS has not adjudicated the Immigrant Petition.

---

[1] 8 U.S.C. 1153(b)(3)(A) (2006)
[2] 20 CFR §656.30(e) (2006)

27. Defendants have exceeded the bounds of reasonableness in the time for adjudications.

28. Plaintiffs have made numerous inquiries regarding the status of his case including one made on July 21, 2006 to USCIS, but to no avail. Plaintiffs also made several inquires to the USDOL including an inquiry made on April 12, 2006 and June 29, 2006. Mr. Palle also made an inquiry with the Office of Senator Eliot L. Engel's office in Bronx, NY on October 27, 2006.

## VI. RELEVANT LAW AND PROCEDURES

**Labor Certification Process for Permanent Employment of Aliens in the United States**

29. A permanent labor certification issued by the Defendant USDOL allows an employer to hire a foreign worker to work permanently in the United States. In most instances, before the U.S. employer can submit an Immigration Petition to the Defendant USCIS, the employer must obtain an approved labor certification request from the Defendant USDOL's Employment and Training Administration (ETA). The Defendant USDOL must certify to the Defendant USCIS that there are no qualified U.S. workers able, willing, qualified and available to accept the job at the prevailing wage for that occupation in the area of intended employment and that employment of the alien will not adversely affect the wages and working conditions of similarly employed U.S. workers.

30. After approval of the labor certification, the Defendant USDOL sends an original certified Form ETA-9089 to the employer and or its attorney of record.

31. Under CFR, the Certifying officer of the Defendant USDOL shall issue a duplicate labor certification at the written request of a Consular or Immigration Officer…[3]

32. After approval of the labor certification, the employer must file an Immigrant Petition with the Defendant USCIS, Immigrant Petition. The employer then attaches the certified ETA Form 9089 to a completed Immigrant Petition, along with the appropriate fees, and submits the package to the appropriate USCIS Service Center. The petition is filed by the employer on behalf of the foreign worker and must include the approved labor certification and other USCIS specified documentation.

**Employment-Based Categories**

33. Under INA, the employment-based category is divided into five preferences or groupings. 8 U.S.C. § 1153(b) (2006).

34. The highest priority, first employment-based "priority workers," consists of:

    a) Aliens with extraordinary ability;

    b) Outstanding professors and researchers; and

    c) Certain multinational executives and managers subject to international transfer to the United States.

35. The second employment-based preference consists of professionals holding advanced degrees or their equivalent or who, because of their exceptional ability in the sciences, arts, or business, will substantially benefit the national economy, cultural or educational interests, or welfare of the United States.

---

[3] 20 CFR §656.30(e) (2006)

36. The third employment-based preference comprises certain professional, skilled and unskilled workers where qualified workers are not available in the United States.

37. The fourth employment-based preference consists of certain special immigrants, including ministers of religion.

38. The fifth employment-based category includes alien investors who create or maintain at least ten jobs in the U.S., none of which can be for their own family members.

## VII. INJURY TO PLAINTIFFS

39. Because Defendants have unreasonably delayed the issuance of a duplicate certified Form ETA-750, adjudication and approval of the Immigrant Petition and consequent permanent residency has also been delayed.

40. Plaintiffs rights to due process of law under the Fifth Amendment to the U.S. Constitution has been and is being violated and will continue to be violated by Defendants' policies and practices as described herein.

## VIII. GROUNDS FOR RELIEF

41. Defendant USDOL has a legal duty to process a request by Defendant USCIS to issue a duplicate certified Form ETA-750 within a reasonable time. This duty is a non-discretionary duty mandated by federal law and judicial precedent.

42. In failing to process Defendant USCIS's request to issue a duplicate certified Form ETA-750 within a reasonable time, Defendant USDOL has directly and

proximately caused unnecessary and injurious delays to Plaintiffs, in violation of their rights.

43. Plaintiffs have exhausted all administrative remedies available and have determined that no adequate remedy exists.

**Count I.**
**Mandamus Action**
**28 U.S.C. § 1361**

44. Plaintiffs incorporate by reference all submissions made hereinabove that are pertinent to this Count.

45. Defendant USDOL is charged with the mandatory responsibility of administering and issuing a duplicate certified Form ETA-750 to Defendant USCIS.

46. Defendant USCIS is solely responsible for adjudication of Immigrant Petition within a reasonable time and for orderly attendant procedures.

47. Defendants have failed to discharge their mandated duties.

48. As a result, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

49. Plaintiffs have exhausted all possible administrative remedies.

50. There exists no other adequate remedy.

51. Strong humanitarian factors favor the grant of Mandamus relief.

**Count II.**
**Fifth Amendment**

52. Plaintiffs incorporate by reference all submissions made hereinabove that are pertinent to this Count.

53. Defendants' policies, practices and customs violate Plaintiffs Fifth Amendment substantive and procedural due process rights protected by the U.S. Constitution.

54. As a result, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling them to declaratory, injunctive and other relief.

**Count III.**
**Administrative Procedures Act**
**5 U.S.C. § 555 and 5 U.S.C. § 701 et seq.**

55. Plaintiffs incorporate by reference all submissions made hereinabove that are pertinent to this Count.

56. By failing to render a timely decision, Defendants' practices and procedures violate the Administrative Procedure Act and constitute agency action that is arbitrary, capricious, and not in accordance with law. *See* 5 U.S.C. §§ 555, 701 et seq. (2006); *See also* 5 U.S.C. § 706(1) (2006) ("[A]gency action unlawfully withheld or unreasonably delayed").

57. Defendants have failed to discharge their mandated official duties.

58. As a result, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling them to declaratory, injunctive and other relief.

**Count IV.**
**Declaratory Judgment Act**
**28 U.S.C. § 2201**

59. Plaintiffs incorporate by reference all submissions made hereinabove that are pertinent to this Count.

60. Defendants' actions and inactions relating to delays in the issuance of a duplicate certified Form ETA-750 and adjudication of the Immigrant Petition and attendant procedures are unconstitutional, violate the CFR, INA, and are arbitrary and capricious. Plaintiffs seek a declaration to that effect under 28 U.S.C. § 2201 (2006).

61. Defendants have failed to discharge their mandated duties.

62. As a direct and proximate result, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling them to declaratory, injunctive and other relief.

**Count V.**
**Equal Access to Justice Act**
**5 U.S.C. § 504 and 28 U.S.C. §2412**

63. Plaintiffs incorporate by reference all submissions made hereinabove that are pertinent to this Count.

64. If they prevail, Plaintiffs will seek attorney fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 (2006) and 28 U.S.C. §2412 (2006).

**IX. PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that the honorable Court grant the following relief:

i. Assume jurisdiction over this cause;

ii. Declare that the Defendants' actions are an illegal, arbitrary and capricious abuse of discretion;

iii. Declare that Defendants' failure to act is an illegal, arbitrary and capricious abuse of discretion;

iv. Enter Judgment ordering the Defendant USDOL to issue a duplicate certified ETA-750;

v.  Enter Judgment ordering the Defendant USCIS to adjudicate Plaintiffs pending Immigrant petition;

vi.  Award Plaintiffs attorney fees, costs and expenses under the Equal Access to Justice Act; and

vii.  Grant such other and further relief, as this honorable Court deems just and appropriate.

Dated: 15 November 2006

Respectfully submitted,

_____
RAJIV S. KHANNA,
Attorney for Plaintiff's
D.C. Bar No. 419023

Law Offices of Rajiv S. Khanna, P.C.
5225 N. Wilson Boulevard
Arlington, Virginia 22205
Phone: 703-908-4800, Extension 110
Facsimile: 703-908-4890
e-mail: rskhanna@immigration.com

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| (i) SDG Corporation, et. al. | Michael Chertoff, Secretary, et. al. |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Rajiv S. Khanna
Law Offices of Rajiv S. Khanna, P.C.
5225 N. Wilson Blvd., Arlington, VA 22205
Tel: (703) 908-4800 Ext. 110

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. *Antitrust***

☐ 410 Antitrust

○ **B. *Personal Injury/ Malpractice***

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. *Administrative Agency Review***

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. *General Civil (Other)***   OR   ○ **F. *Pro Se General Civil***

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Writ for Mandamus under 28 USC Sec. 1361, Declaratory Judgment Act, 28 USC Sec. 2201 and Administrative Procedure Act, 5 USC Sec. 551 et. seq.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  11/15/06    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    IV.    CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

    VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.